1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JERRY W. BAKER,                No. CIV S-12-0552-GEB-CMK-P

12            Plaintiff,

13        vs.                     <u>ORDER</u>

14   JORGENSEN, et al.

15            Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a " short and plain statement

25   of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means

26   that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

with at least some degree of particularity overt acts by specific defendants which support the

claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint contains the following paragraph as his statement of his

claim:

> On 2-1-12 I was attacked by DOE 1-6 & c/o Weary.  I suffered a
> broken nose, broken hand & several other injuries.  Sgt. Cullison,
> Sgt. Jorgensen, Lt. Marsh & Gary R. Stanton were all made aware
> of this incident or responded to the grievance #12000195.

(Compl., Doc. 1, at 3).

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of defects, most of which are curable.

First, the treatment a prisoner receives in prison and the conditions under which the prisoner is

confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual

punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S.

825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity,

civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).

Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452

U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing,

shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080,

1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two

requirements are met: (1) objectively, the official's act or omission must be so serious such that it

results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively,

2

1   the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.

2   See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must

3   have a "sufficiently culpable mind."  See id.

4          When prison officials stand accused of using excessive force, the core judicial

5   inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or

6   maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

7   Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

8   opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

9   is applied to excessive force claims because prison officials generally do not have time to reflect

10  on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475

11  U.S. at 320-21.  In determining whether force was excessive, the court considers the following

12  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

13  between the need for force and the amount of force used; (4) the nature of the threat reasonably

14  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

15  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force

16  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.

17  1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,

18  because the use of force relates to the prison's legitimate penological interest in maintaining

19  security and order, the court must be deferential to the conduct of prison officials.  See Whitley,

20  475 U.S. at 321-22.

21          To the extent plaintiff claims he was attacked by c/o Weary, plaintiff may have a

22  claim.  However, without more information, it is difficult for the court to conclude that excessive

23  force was used.  Given the injuries alleged, it is possible that c/o Weary did in fact use excessive

24  force.  However, in order for the use of force to be a violation of a prisoner's Eighth Amendment

25  rights, the officer must have used the force in excess and with the intent to cause the prisoner

26  harm, and not, for example, in a good-faith effort to maintain discipline.  In order to state a claim,

3

plaintiff must provide the court more information regarding the circumstances surrounding the alleged attack, with specific facts of what the defendant did.  A conclusory statement that the plaintiff was attacked is insufficient.

Second, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

4

1    When a defendant holds a supervisory position, the causal link between such

2  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

3  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

4  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

5  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

6  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

7  official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

8    Plaintiff's only allegations against defendants Cullison, Jorgensen, Marsh and

9  Stanton are that these individuals were made aware of the incident.  There is no allegation that

10  any of these defendants were personally involvement in the incident.  Rather, it appears that these

11  defendants are supervisors who responded to plaintiff's inmate grievance of the incident.  The

12  allegations are insufficient to state a claim against any of these individuals.  If these defendants

13  were actually involved in the incident, plaintiff may be able to state a claim against them if he

14  provides the court with facts sufficient to link them to a personal involvement in the alleged

15  attack.  However, responding to an inmate grievance, or otherwise being made aware of an

16  incident after the fact is insufficient to state a claim against the defendants.

17    Finally, plaintiff alleges several DOE defendants were involved in the attack.  The

18  court cannot order service of process upon fictitious defendants.  See Fed. R. of Civ. Pro. 4.  Doe

19  defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629

20  F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F.Supp. 1172, 1180 (N.D. Cal.1986).

21  However, there are situations where the identity of alleged defendants will not be known prior to

22  the filing of a complaint.  In such circumstances, the plaintiff may be given an opportunity

23  through discovery to identify the unknown defendants, unless it is clear that discovery would not

24  uncover the identities, or that the complaint would be dismissed on other grounds. Gordon v.

25  Leeke, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978); see, Wells Fargo

26  & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also,

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13(1978).

At this time, it is unclear whether the plaintiff will be able to state a claim against any of the defendants, as there are no more allegations against the DOE defendants as there are against the other defendants in the complaint.  If plaintiff files an amended complaint that is sufficient to state a claim against the defendant(s), the court may allow plaintiff a short opportunity to conduct discovery in an attempt to discover the identify of the DOE defendants. However, if the defendants' identity is not discovered within a reasonable amount of time, the court will order the DOE defendants dismissed.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

6

1           Finally, plaintiff is warned that failure to file an amended complaint within the

2    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3    1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

4    with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

5    See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6           Accordingly, IT IS HEREBY ORDERED that:

7          1.    Plaintiff's complaint is dismissed with leave to amend; and

8          2.    Plaintiff shall file an amended complaint within 30 days of the date of

9    service of this order.

10

11   DATED:  April 16, 2012

12

13   CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26