IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,         No. CIV S-12-0552-GEB-CMK-P

    Plaintiff,

  vs.         FINDINGS AND RECOMMENDATIONS

JORGENSEN, et al.

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2012, the court directed plaintiff to file an amended complaint within 30 days. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. To date, plaintiff has not complied.

       The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In addition, Eastern District of California Local Rule 183(b) requires a party appearing pro se to inform the court of any address change.  "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Id.   Here, plaintiff's mail was returned to the court as undeliverable on March 23, 2012.  More than 63 days have passed and plaintiff has not provided the court with a change of address.

Having considered the factors, and in light of plaintiff's failure to file an amended complaint as directed, and failure to keep the court advised of his current address as required by the Local Rules, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

1   objections with the court.  Responses to objections shall be filed within 14 days after service of
2   objections.  Failure to file objections within the specified time may waive the right to appeal.
3   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED:  June 8, 2012

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE